Filed 5/30/25  P. v. Minick CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C095111 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF202485) |
| v. | OPINION ON TRANSFER |
| TRAVIS RAY MINICK, | |
| Defendant and Appellant. | |

Defendant Travis Ray Minick pleaded no contest to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a prior strike conviction for burglary.  (Pen. Code, § 459.)[1]  The plea agreement called for defendant to complete a residential treatment program, after which the trial court would strike the

---

[1]    Undesignated statutory references are to the Penal Code.

strike and grant probation. Defendant failed to complete the program. The trial court imposed the upper term, doubled by the strike.

Defendant appealed contending that Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567) (Stats. 2021, ch. 731), which took effect while his appeal was pending, applies retroactively to his case and requires reversal of his sentence and remand for resentencing. The People agreed that Senate Bill No. 567 applied, but argued the trial court sufficiently complied with the new law in selecting an upper-term sentence, and any error was harmless. In an unpublished opinion, we affirmed, concluding that the trial court complied with amended section 1170, subdivision (b), regarding one aggravating circumstance the court relied on in sentencing defendant to the upper term, and the court's consideration of additional aggravating circumstances inconsistent with the new statutory standard was harmless error. (*People v. Minick* (Aug. 23, 2022, C095111) [nonpub. opn.] (*Minick*).)

Defendant sought review in the California Supreme Court, which ordered this court to vacate our previous opinion and reconsider the matter in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*). Having done so, we agree with the parties' current positions that remand for another resentencing hearing is required.[2]

BACKGROUND

The People charged defendant with one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378—count 1) and one count of receiving a stolen vehicle. (§ 496, subd. (a)—count 2.) As to the drug possession count, the information

---

[2]    Defendant contends that remand is also required under the United States Supreme Court's decision in *Erlinger v. United States* (2024) 602 U.S. 821. While our high court has ordered reconsideration under both *Lynch* and *Erlinger* in other cases, it has not done so here. Moreover, since we conclude remand is required under *Lynch*, we need not address remand under *Erlinger*.

2

also alleged that defendant had previously been convicted of a serious felony, first degree burglary (§ 459), which constitutes a strike under the Three Strikes law.

Defendant entered a no contest plea to count 1 and admitted the prior strike conviction. Under the plea agreement, defendant was given the opportunity to complete a minimum six-month residential treatment program. If defendant successfully completed the program, the strike would be stricken, and defendant would be given an unusual case finding and granted probation. If defendant did not complete the residential treatment program, he could be sentenced to a minimum of 16 months to a maximum of three years, doubled by the strike. Defendant was given 30 days to find a residential treatment program and return to court for a review hearing. Other charges against defendant were dismissed.

Defense counsel stated that the parties stipulated to the factual basis of the plea to count 1 being the report of the Yuba County Sheriff's Office and that witnesses would testify that defendant was found to be in possession of 46 grams of methamphetamine, a scale, a pipe, and other stolen property. Also, an expert witness would testify that possession of the methamphetamine was for purposes of sale based on the amount and other paraphernalia in defendant's possession. Defendant admitted that, as alleged in the information, he had a prior conviction for first degree residential burglary.

Defendant failed to complete a residential treatment program, and the trial court set a sentencing hearing. The matter was referred to the probation department to prepare a presentence report. The probation report noted that defendant's criminal record included five misdemeanor convictions, three probation violations, a parole violation, and seven felony convictions for first degree burglary, receiving stolen property, second degree burglary, three counts of transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), and possession of a firearm by a felon (§§ 29800, 29805), as well as that defendant had served multiple prior prison terms. As circumstances in aggravation, the probation report stated that defendant's prior convictions as an adult are

numerous (Cal. Rules of Court, rule 4.421(b)(2));[3] defendant had served prior prison terms (rule 4.421(b)(3)); and defendant's prior performance on probation was unsatisfactory. (Rule 4.421(b)(5).) No mitigating factors were noted. The probation report recommended that defendant be sentenced to the upper term of three years, doubled to six years by the strike.

At the sentencing hearing, defense counsel requested a doubled midterm of four years, noting that defendant had not been convicted of a felony since 2014. The prosecutor agreed with the probation report's recommendation of the upper term.

The trial court explained the aggravating circumstances it considered in deciding whether to select an upper-term sentence: (1) "46 grams" of methamphetamine that defendant possessed for sale was "[n]ot an insignificant amount"; (2) defendant had a "history of DUIs"; (3) defendant was convicted of first degree burglary and served a prison term; (4) defendant was convicted of receiving stolen property and served a second prison term; (5) defendant violated parole; (6) defendant had a second burglary conviction and served another prison term; (7) defendant had three drug transportation convictions involving "very significant" quantities; (8) defendant was convicted of two felonies for possession of a firearm by a felon; and (9) defendant had recently been charged with misdemeanor drug violations that were dismissed in the current case.

The trial court said, "So he's not exactly a stranger to the criminal justice system. We have what? At least seven prior felonies in this matter. He was given an opportunity to address a drug issue. Evidence is clear. Possession for sale in this case. With the number of prior convictions, violations of parole and probation that he has [in]curred previously, certainly is not a low-term type individual. [¶] And look at this request for the mid term. It's true that since 2014 we really haven't seen so much contact with him.

---

**3**      Undesignated rule references to the California Rules of Court.

4

Perhaps that's why he was given the opportunity that he was given in this matter. [¶] Looking at the big picture of defendant's convictions, also considering the facts of this case, it's not ten grams. We have a very significant quantity possessed for nothing other than selling it to other people. [¶] Aggravating circumstances in this case are very significant. And I place great weight on them."

The trial court sentenced defendant to the upper term of three years, doubled by the strike, for an aggregate term of six years.

Approximately one month after the sentencing hearing, the Legislature enacted Senate Bill No. 567, which took effect on January 1, 2022. Among other things, the bill amended section 1170, subdivision (b), to prohibit trial courts from considering aggravating circumstances when selecting an upper-term sentence unless the facts underlying each aggravating factor have been established by one of three prescribed methods. (See Stats. 2021, ch. 731, § 1.3.)

DISCUSSION

I

*Defendant's Upper Term Sentence*

In our previous opinion, we determined that while Senate Bill No. 567 applied retroactively to defendant's nonfinal judgment, (*Minick, supra*, C095111) remand for resentencing was not required, because defendant stipulated to one aggravating circumstance (rule 4.421(a)(10) ["[t]he crime involved a large quantity of contraband"], and the trial court's consideration of aggravating circumstances pertaining to defendant's criminal history was harmless error. (*Minick, supra*, C095111.) The California Supreme Court ordered this court to reconsider defendant's request for resentencing in light of *Lynch, supra*, 16 Cal.5th 730. Having done so, we now conclude that we must reverse defendant's sentence and remand for resentencing in compliance with Senate Bill No. 567.

As explained in *Lynch*, "The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment's due process clause, 'provides that those "accused" of a "crime" have the right to a trial "by an impartial jury." This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt.' [Citations.] In the context of California's determinate sentencing scheme, *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*) held that, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence.' (*Id.* at p. 281.) 'Inhering in that guarantee is an assurance that a guilty verdict will issue only from a unanimous jury.' " (*Lynch, supra*, 16 Cal.5th at p. 742.)

"Effective January 1, 2022, Penal Code section 1170, subdivision (b) (hereafter section 1170[, subdivision] (b)) was amended to prohibit imposition of an upper term sentence unless aggravating circumstances justify that term and the facts underlying any such circumstance, other than a prior conviction, 'have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' (§ 1170[, subdivision] (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Allegations of prior convictions may be tried by the court alone and proven by certified records of conviction. (§ 1170[, subdivision] (b)(3).)" (*Lynch, supra*, 16 Cal.5th at p. 742, fn. omitted.) This amendment has been uniformly applied retroactively to defendants whose judgments were not final on direct appeal at the time the statute took effect. (*Id.* at pp. 742, 746.)

In *Lynch*, the high court held "that a court reviewing a case where the former version of section 1170[, subdivision] (b) was employed must apply the *Chapman* standard of review. (*Chapman v. California* (1967) 386 U.S. 18 (*Chapman*).)" (*Lynch, supra*, 16 Cal.5th at pp. 742-743.) "Accordingly, in a case where the judgment is not yet final, a sentence imposed under former section 1170[, subdivision] (b) must be reversed

6

and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury, applying that same standard, would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute.  (§ 1170[, subdivisions] (b)(2), (3).)"  (*Id.* at p. 743; see also *id.* at p. 768.)

In this instance, the trial court relied on defendant's prior convictions, prior prison terms, and unsatisfactory performance on parole to impose an upper-term sentence. Defendant did not stipulate to the existence of these circumstances, nor did the jury find them true beyond a reasonable doubt.  Nor is there a certified record of conviction in the record on appeal.  The People agree that "[i]t cannot be concluded beyond a reasonable doubt that a jury would have found true these same aggravating facts."  We agree. Accordingly, we must remand for resentencing.

Moreover, as explained in *Lynch*, the "proceedings on remand are to be conducted in accordance with the current statutory requirements and the defendant given the opportunity for the jury trial, of which he was deprived."  (*Lynch, supra,* 16 Cal.5th at p. 777.)  "On remand, the parties remain free to introduce at trial all relevant evidence to support or contest the factual support for the aggravating circumstances set out in the California Rules of Court.  The court may rely on any properly proven aggravating facts, including prior convictions or facts necessarily found by the jury to support a verdict on underlying counts and enhancements.  The court retains its discretion to impose an upper-term sentence if it concludes that one or more properly proved circumstances justify such a sentence.  (§ 1170[,subdivision] (b)(2).)  If it cannot so conclude, it may impose no more than a middle term . . . ."  (*Id.* at p. 777-778.)

Because we conclude defendant is entitled to a full resentencing, we do not reach his challenge to the drug program fee imposed under Health and Safety Code section 11372.7, subdivision (a).

7

DISPOSITION

The sentence is reversed.  The matter is remanded for a full resentencing and further litigation of the aggravating circumstances and for the trial court to exercise its discretion under the current section 1170, subdivision (b).  The judgment is otherwise affirmed.

_____\\s\\_____,
Krause, J.

We concur:

_____\\s\\_____,
Hull, Acting P. J.

_____\\s\\_____,
Robie, J.